## LUKE TERRY v. STATE.

No. A-5263. Opinion Filed Oct. 23, 1926.
(249 Pac. 1113.)

Sam A. Neely, W. D. Wooley, and W. C. Peters, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, Luke Terry, was convicted of manslaughter in the first degree, with his punishment fixed by a jury at confinement in the state penitentiary for a term of ten years.

No briefs have been filed in support of this appeal, and from this the court may assume that the appeal is without merit, or that the same has been abandoned. This being a homicide case, the court has examined the record with care, and finds that the information sufficiently charged the crime of murder, and that the evidence amply supports a conviction for manslaughter and included offense. The instructions of the court fairly stated the law of the case, and that the plaintiff in error in all respects was accorded a fair trial.

The evidence shows that Hal Evans, the man slain, was one among many others who had left the employment of the railway company on a strike; that the plaintiff in error, Luke Terry, was posse comitatus under the United States marshal for the Eastern district of Oklahoma; that the deceased, Evans, and others engaged in the strike had been enjoined by the United States court of the Eastern district from in any manner interfering with the operation of the railroad or its employees, and that there may have been a hostile feeling between the former employees then on strike and the officers, whose duty it was to see that the provisions of the injunction should not be violated. Other than this, the evidence shows that there had been no personal controversy or animosity existing between the plaintiff in error and the deceased.

The tragedy took place at a railway station in the presence of many witnesses, several of whom testified that the plaintiff in error assaulted the deceased without just cause or provocation, and, in the course of the altercation, fired the fatal shot. The evidence would have sustained a verdict for murder. The verdict for manslaughter will therefore not be disturbed.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.